**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF NEW YORK

**Scott Michaels,**
Plaintiff,

v.

**Werner Roth,**
Defendant.

Civil Action No. _____

**COMPLAINT FOR DEFAMATION, TORTIOUS INTERFERENCE, AND DAMAGES**

*(Jury Trial Demanded)*

## INTRODUCTION

1. Plaintiff Scott Michaels ("Plaintiff") brings this action against Defendant Werner Roth ("Defendant") for defamation, tortious interference, and reputational harm.

2. Defendant, a former captain of the New York Cosmos, used his public profile and influence to publish false and malicious statements about Plaintiff on LinkedIn.

3. Defendant accused Plaintiff of fraud, dishonesty, and criminal misconduct, and amplified those falsehoods through dozens of public comments designed to discredit Plaintiff and destroy his commercial credibility.

4. These statements directly interfered with Plaintiff's lawful business activities, including a $5,000,000 Wefunder fundraising campaign, and prejudiced Plaintiff's standing in ongoing trademark proceedings before the United States Trademark Trial and Appeal Board ("TTAB").

5. Plaintiff has also engaged in parallel legal correspondence, including formal court communications, further demonstrating that Defendant's defamatory publications interfered with legitimate legal and commercial processes.

6. Plaintiff seeks compensatory damages of $1,000,000, punitive damages, and injunctive relief.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as the parties are citizens of different jurisdictions and the amount in controversy exceeds $75,000.

8. Plaintiff is domiciled in the United Kingdom and the United States. Defendant

is domiciled in California.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because:
   a. The New York Cosmos brand, central to this dispute, originates in this District and remains historically tied to New York;
   b. Defendant published defamatory statements with knowledge and intent that they would cause reputational and commercial harm in New York, the Cosmos' home market and Plaintiff's primary commercial forum;
   c. The brunt of Plaintiff's damages — including investor loss, partnership collapse, and prejudice in TTAB proceedings — occurred in New York;
   d. Related litigation (Michaels v. Mediacom Communications Corp., No. 1:25-cv-06596) is pending in this District;
   e. Jurisdiction is further supported under the "effects test" articulated in Calder v. Jones, 465 U.S. 783 (1984).

## PARTIES

10. Plaintiff Scott Michaels is an entrepreneur and founder of Football Is For The Fans, with commercial operations in the United States and United Kingdom. Plaintiff is the pro se litigant of record in TTAB proceedings involving the New York Cosmos brand.

11. Defendant Werner Roth is a former professional soccer player, former captain of the New York Cosmos, and a current resident of California.

## FACTUAL ALLEGATIONS

12. In 2025, Defendant published multiple statements on LinkedIn targeting Plaintiff.

13. In one widely circulated post titled *"Farewell to the Opportunist"*, Defendant accused Plaintiff of being a "fraud," a "scammer," and a "liar," and suggested Plaintiff was engaged in criminal misconduct.

14. Defendant published another post, *"To Whom It May (Unfortunately) Concern"*, accusing Plaintiff of "hijacking the Cosmos and NASL legacies," calling Plaintiff's work "shameless," and comparing Plaintiff's conduct to "spray-painting initials on the Statue of Liberty."

15. Defendant further engaged in dozens of hostile comments across LinkedIn reinforcing the defamatory narrative and interacting with third parties to amplify harm.

16. Defendant made these statements knowing they were false, with reckless disregard for the truth, and with intent to damage Plaintiff's reputation and commercial opportunities.

17. At the time of publication, Defendant had approximately 1,353 followers on LinkedIn, ensuring wide dissemination and foreseeable reputational harm.

18. Defendant remains tied to Cosmos insiders, including interactions with Eric

Stover and others advancing the "continuing Cosmos" narrative, creating a direct conflict of interest.

19. Defendant's campaign materially harmed Plaintiff's reputation among investors, partners, and industry stakeholders, causing:
a. Investor withdrawals from Plaintiff's $5,000,000 Wefunder campaign;
b. Reputational prejudice in TTAB trademark proceedings;
c. Loss of credibility with commercial partners and the football community.

20. Plaintiff has already produced formal court correspondence and filings in related matters, demonstrating his reliance on proper legal channels. Defendant's interference has undermined those efforts and compounded damages.

## COUNT I – DEFAMATION

21. Plaintiff incorporates paragraphs 1–20.

22. Defendant's statements accusing Plaintiff of fraud, dishonesty, and criminal misconduct are false, defamatory per se, and made with actual malice.

23. Defendant's publications were widely disseminated, foreseeable to cause reputational harm in New York, and did in fact cause commercial and personal damage to Plaintiff.

24. Defendant acted intentionally, maliciously, and without privilege.

## COUNT II – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

25. Plaintiff incorporates paragraphs 1–24.

26. Plaintiff had a valid business expectancy in raising $5,000,000 via Wefunder and in maintaining credibility in TTAB proceedings.

27. Defendant knew of these commercial opportunities and deliberately interfered by publishing false statements designed to discredit Plaintiff.

28. Defendant's conduct caused investor withdrawals, reputational prejudice, and measurable financial loss.

29. Plaintiff suffered damages exceeding $1,000,000 as a direct and proximate result.

30. Defendant's conduct meets the New York standard for tortious interference as set forth in *Guard-Life Corp. v. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183 (1980), requiring: (a) knowledge of Plaintiff's business expectancy, (b) intentional interference, (c) use of wrongful means, and (d) damages.

## DAMAGES

31. Plaintiff seeks:
   a. Compensatory damages of $1,000,000;
   b. Punitive damages for willful, malicious, and reckless conduct;
   c. Injunctive relief ordering Defendant to retract and remove defamatory statements;
   d. Costs and such other relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

1. For compensatory damages in the amount of $1,000,000;

2. For punitive damages in an amount to be determined at trial;

3. For injunctive relief requiring Defendant to retract and remove defamatory statements;

4. For trial by jury on all issues so triable;

5. For such other relief as the Court deems just and proper.

Dated: August 21 2025

Respectfully submitted,

/s/ Scott Michaels
Scott Michaels
Pro Se Plaintiff

c/o Football Is For The Fans
Suite A
82 James Carter Road
Mildenhall
IP28 7DE
United Kingdom

## APPENDIX A – Roth LinkedIn Direct Messages (Private Communications)

Private LinkedIn messages between Plaintiff and Defendant demonstrating:

- Defendant's early awareness of Plaintiff's project to revive historic NASL clubs.

- Defendant's initial encouragement and acknowledgment of the project's legitimacy.

- Defendant's recognition that such a league could "stand out like a diamond in the rough."

These communications establish Defendant's prior knowledge and acknowledgment of Plaintiff's bona fide commercial activities.

## APPENDIX B – Roth LinkedIn Public Posts (Defamatory Publications)

Screenshots of Defendant's LinkedIn posts containing:

- Explicit accusations that Plaintiff is a "fraud" and "scammer."

- Dismissive statements denying Plaintiff's trademark rights and commercial legitimacy.

- False assertions regarding Plaintiff's crowdfunding campaign and investor relations.

These posts show intentional disparagement made with knowledge of Plaintiff's lawful business, designed to chill investor confidence and disrupt commercial opportunities.

## APPENDIX C – Roth LinkedIn Comments and Replies (Amplification of Defamation)

Screenshots of Defendant's public comment threads revealing:

- Repetition of defamatory accusations against Plaintiff.

- Targeted efforts to undermine Plaintiff's reputation within professional and football-related networks.

- Malicious tone and hostility, inconsistent with Defendant's prior supportive private communications.

These comments demonstrate a sustained campaign to damage Plaintiff's reputation and interfere with economic advantage.

## APPENDIX D – Roth LinkedIn Screenshots (Consolidated Record)

A consolidated record of Defendant's LinkedIn publications, comments, and interactions, evidencing a pattern of defamatory conduct and deliberate interference with Plaintiff's business activities.